**MILLERS LANE CONCRETE COMPANY, INC., Appellant,**

v.

**Lee R. DENNIS and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Jan. 4, 1980.

Discretionary Review Denied
June 17, 1980.

Stuart E. Alexander, Louisville, for appellant.

William S. Haynes, Louisville, for appellee, Lee R. Dennis.

Before HOGGE, LESTER and VANCE, JJ.

VANCE, Judge.

Appellee Dennis was injured May 10, 1977, while employed as a truck driver. The Workmen's Compensation Board determined that he has suffered a 15% occupational disability and the award was affirmed by the Jefferson Circuit Court. The question is whether there is any evidence to sustain the award.

Appellee sustained a broken jaw in the accident and lost several teeth. His jaw was temporarily wired or splinted on the day of the accident to prevent movement of the fracture. On May 17, 1977, an open reduction of the fracture was performed and the fracture was fixed in place by wires. That night the intermaxillary fixation was dislodged and the fracture slipped. Appellee refused to permit a further fixation of the fracture and he now has a facial scar and a misaligned, asymmetrical jaw accompanied by a loss of strength in chewing and some slurring of speech. He has been engaged in truck driving most of his adult life.

■ Without doubt appellee has sustained a severe injury to his jaw. The injury does not constitute an occupational disability, however, unless it has resulted in a reduction of his earning capacity by reason of his inability to perform work of a type which would pay him as much as he earned before the accident and which is customarily available in the area of his residence or unless the injury will probably reduce his future work opportunities or shorten his work life. *Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968).

■ The Board determined that appellee's future earning capacity has been impaired to the extent of 15%. If there is any

evidence of substance to support this finding we must sustain it. We cannot substitute our findings for those of the Board.

On the other hand, if there is no evidence of substance which would reasonably support the Board's finding then the finding is arbitrary and must be reversed.

■ The finding of the Board is limited to the bald finding that future earning capacity will be reduced. This is an ultimate finding and the Board did not set forth in its findings any fact that could reasonably support it. We have searched the record for any evidence that could reasonably lead the Board to find a probable future reduction in earning capacity and can find none.

There was no medical testimony that the injury to appellee's jaw would in any way interfere with his ability to drive a truck. We cannot find that the appellee testified that the injury affected his ability to operate a truck. His entire work history has been truck driving and the only effort he has made to secure employment since the accident is to check periodically with the Teamsters Union local.

There is no testimony that any disfigurement resulting from the accident will have any effect upon appellee's earning capacity and no evidence of the extent of disfigurement other than the description of the jaw as asymmetrical and the presence of a scar.

The appellee's brief is not helpful in pointing out to us any evidence which would sustain the finding of occupational disability. Appellee simply states that the fact he received an appreciable injury, taken in conjunction with the fact that his employer went out of business shortly after his injury and that he was unemployed during the pendency of this litigation indicates, in and of itself, that his occupational opportunities have been substantially diminished.

■ That his employer went out of business is irrelevant. His continued unemployment is no proof of disability unless it is established that there is no work of a kind he is able to perform customarily available in the community. He has failed to show that he cannot drive a truck and has failed to show that work as a truck driver is not customarily available in Jefferson County.

As far as we can determine from the record his employment situation is no worse than it would have been if he had never had an accident, but his employer ceased to do business or he was laid off for some reason.

Because the appellee has failed to cite us any evidence which could reasonably support a finding of occupational disability and because we are unable to find any such evidence in the record, we reverse the judgment with direction that a new judgment be entered directing the dismissal of appellee's claim for permanent occupational disability.

Our decision makes it unnecessary for us to consider the contention of appellant that appellee unreasonably refused to submit to or follow competent medical treatment and advice.

All concur.